**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

FRANK GARCIA,

      Plaintiff,

v.                                                                                                       Civ. No. 21-285 GJF

KILOLO KIJAKAZI, *Acting Commissioner*
*of Social Security Administration*,

      Defendant.

**ORDER TO CURE**

THIS MATTER is before the Court on Plaintiff's Amended Complaint. ECF 10. The Complaint is deficient because it does not comply with Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Because Plaintiff is proceeding *pro se*, the Court must construe the Complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). It is not, however, the Court's function to assume the role of Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Specifically lacking from the Complaint is a "short and plain statement of the grounds for the court's jurisdiction." *See* Fed. R. Civ. P. 8(a). Federal courts are courts of limited jurisdiction and may only hear cases as authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because Plaintiff is seeking judicial review of an administrative decision issued by the Social Security Administration, the Court's jurisdiction is defined by 42 U.S.C. § 405(g), (h).

Under § 405(g), the Court may only review a "final decision of the Commissioner of Social

Security." Social Security disability cases consist of four administrative review steps: (1) the initial determination; (2) reconsideration; (3) a hearing before an administrative law judge ("ALJ"); and (4) Appeals Council review. 20 C.F.R. § 416.1400(a). Because the Amended Complaint only alleges that an ALJ issued an unfavorable decision, the Amended Complaint is deficient because it does not allege that *either* (1) the Appeals Council reviewed the ALJ's decision *or* (2) the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. 20 C.F.R. § 404.981 ("The Appeal Council may deny a party's request for review or it may decide to review a case and make a decision. The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised. You may file an action in Federal district court within 60 days after the date you receive notice of the Appeals Council's action.").

Additionally, Plaintiff has not included the administrative case number of his case before the Administrative Law Judge or alleged *when* the Commissioner made her final decision. Under § 405(g), the Court may *only* review a decision by the Commissioner if the action was "commenced within 60 days after the mailing to [Plaintiff]" of the Commissioner's final decision.

**IT IS THEREFORE ORDERED** that Plaintiff shall file, **no later than May 16, 2022**, a second amended complaint that cures the above deficiencies and otherwise complies with the pleading requirements set forth in Federal Rule of Civil Procedure 8.

**IT IS FURTHER ORDERED** that if Plaintiff fails within the time allowed to file an amended complaint that complies with this Order as directed, this action will be dismissed without further notice.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE