UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

FRANK GARCIA,

      Plaintiff,

v.                                          Civ. No. 21-285 GJF

KILOLO KIJAKAZI, *Acting Commissioner
of Social Security Administration*,

      Defendant.

## ORDER TO DISMISS WITHOUT PREJUDICE

THIS MATTER is before the Court on Plaintiff's Second Amended Complaint. [ECF 12]. The Complaint is deficient because it does not comply with Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Because Plaintiff is proceeding *pro se*, the Court must construe the Complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). It is not, however, the Court's function to assume the role of Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Specifically lacking from the Second Amended Complaint is a "short and plain statement of the grounds for the court's jurisdiction." *See* Fed. R. Civ. P. 8(a). Federal courts are courts of limited jurisdiction and may only hear cases as authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because Plaintiff is seeking judicial review of an administrative decision issued by the Social Security Administration, the Court's jurisdiction is defined by 42 U.S.C. §§ 405(g), (h).

Under § 405(g), the Court may only review a "final decision of the Commissioner of Social

Security." Social Security disability cases consist of four administrative review steps: (1) the initial determination; (2) reconsideration; (3) a hearing before an administrative law judge ("ALJ"); and (4) Appeals Council review. 20 C.F.R. § 416.1400(a). The Second Amended Complaint states that Plaintiff "ha[s] not received notice" that the Commissioner's decision became final. ECF 14 at 3. Thus, the Second Amended Complaint is deficient because it does not allege that either (1) the Appeals Council reviewed the ALJ's decision or (2) the Appeals Council denied Plaintiff's request for review. 20 C.F.R. § 404.981 ("The Appeals Council may deny a party's request for review or it may decide to review a case and make a decision. The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised. You may file an action in Federal district court within 60 days after the date you receive notice of the Appeals Council's action.").

Moreover, because Plaintiff has not alleged that he received notice, Plaintiff has not alleged *when* the Commissioner made her final decision. Under § 405(g), the Court may *only* review a decision by the Commissioner if the action was "commenced within 60 days after the mailing" of the Commissioner's final decision.

In a prior order, the Court warned Plaintiff that if he did not file an amended complaint identifying whether the Commissioner's decision was final—and if the decision was final—when the decision was made, that it would dismiss this action without further notice. ECF 13 at 3. Although Plaintiff filed an amended complaint [ECF 12], Plaintiff has not cured the defect identified in the Court's earlier order.

**IT IS THEREFORE ORDERED** that the Second Amended Complaint [ECF 14] is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding with Consent*